2005 ME 85

**ESTATE OF Virginia BRAGDON.**

Supreme Judicial Court of Maine.

Argued: June 15, 2005.
Decided: June 30, 2005.

Ralph A. Dyer (orally), Law Offices of Ralph A. Dyer, P.A., Portland, for appellants.

Arthur J. Greif (orally), Gilbert & Greif, P.A., Bangor, for appellees.

Randy G. Day, Garland, Guardian ad Litem.

Panel: CLIFFORD, RUDMAN, DANA, ALEXANDER, and LEVY, JJ.

LEVY, J.

[¶ 1] Randon Bragdon, Brenda Ziray, Jean Ritchie, and Sheila Coppola (collectively "the Bragdons") appeal from an order of the Somerset County Probate Court (*Alsop, J.*) appointing Peggy and Charles Gilbert as Virginia Bragdon's co-guardians and co-conservators. The Bragdons contend that the court erred by (1) finding that Virginia is incapacitated; (2) finding that the Gilberts met the statutory qualifications to serve as Virginia's co-

guardians and co-conservators; and (3) not placing limitations on the Gilberts' powers as co-guardians and co-conservators.[1] We disagree and affirm the judgment.

## I. BACKGROUND

[¶ 2] Virginia Bragdon is Peggy Gilbert's and the Bragdons' mother and Charles Gilbert's mother-in-law. In August 2003, the Piscataquis County Probate Court appointed Peggy as Virginia's temporary guardian and conservator. Virginia has resided with the Gilberts since that time. In December 2003, the Somerset County Probate Court held a final hearing on the Gilberts' petition for appointment as permanent co-guardians and co-conservators. In an effort to be appointed as a four-person co-guardianship and co-conservatorship, the Bragdons appeared at the hearing and contested the Gilberts' petition.

[¶ 3] The court found that Virginia is impaired by mild dementia caused by Alzheimer's disease, which has resulted in short-term memory loss. She also suffers from other health conditions for which she takes medications, including chest pain from a previous surgery, high blood pressure, and gastrointestinal disorders. In finding that Virginia is incapacitated, the court stated:

> The above-described conditions are slowly worsening. As a result of this condition she is unable to live independently, but rather needs assistance to insure medication compliance, adequate nutrition, and safety. These conditions also cause her to be unable to manage her property and affairs effectively and,

her properties and affairs (made more complex by application of MaineCare eligibility rules), may be wasted or dissipated unless proper management is provided.

The court appointed the Gilberts as Virginia's co-guardians and co-conservators, without any specific limitation, but added the general requirement that Virginia "be afforded as much contact with [her children and grandchildren] as is possible and consistent with her health and safety." The Bragdons appealed.

## II. DISCUSSION

### A. Virginia's Incapacity

[¶ 4] The Bragdons contend that the court erred in finding that Virginia was incapacitated. At trial, however, the Bragdons conceded that Virginia "does have some dementia" and that "she probably needs a limited guardianship." Although the Bragdons may have disputed the extent of Virginia's dementia at trial, they did not assert that she was not incapacitated, and their admission that she needs a limited guardian constitutes a concession that she is incapacitated. *See* 18–A M.R.S.A. §§ 5–105, 5–304(b) (1998 & Supp. 2004). Whether a person is incapacitated is a question of fact that we generally review for clear error. *Guardianship of Samuel S. Collier,* 653 A.2d 898, 900 (Me. 1995). Because the issue is not preserved, however, we review it only for obvious error. *See Ackerman v. Yates,* 2004 ME 56, ¶ 20, 847 A.2d 418, 424.

[¶ 5] An incapacitated person is "any person who is impaired by reason of mental illness, mental deficiency, physical ill-

---

1. The Bragdons also argue that the court erred in failing to require the Gilberts to post a conservator bond pursuant to 18–A M.R.S.A. § 5–411(a) (1998). The Bragdons did not raise the bond issue before the Probate Court, the court did not address the issue in its order, and the Bragdons did not request findings of fact or conclusions of law on it pursuant to M.R. Prob. P. 52. The issue has not been preserved for appeal, and we do not address it. *See Rideout v. Riendeau,* 2000 ME 198, ¶ 6 n. 3, 761 A.2d 291, 295.

ness or disability, chronic use of drugs, chronic intoxication, or other cause except minority to the extent that he lacks sufficient understanding or capacity to make or communicate responsible decisions concerning his person." 18–A M.R.S.A. § 5–101(1) (1998).

[¶ 6] There is competent evidence in the record indicating that Virginia's dementia renders her impaired to the extent that she "lacks sufficient understanding or capacity to make or communicate responsible decisions concerning [her] person." *See id.* There was testimony that her conditions are slowly worsening, resulting in her inability to live independently, and that she needs assistance to ensure that she takes her medications and eats properly. Accordingly, the Probate Court did not commit obvious error in finding Virginia to be incapacitated.

B. The Gilberts' ·Qualifications as Co–Guardians and Co–Conservators

■ [¶ 7] The Bragdons contend that the Gilberts are not suitable persons for appointment as guardians or conservators. Rather, they assert that they should have been designated as a four-person co-guardianship and co-conservatorship.

[¶ 8] Although there are exceptions, "[a]ny competent person ... may be appointed guardian of an incapacitated person." 18–A M.R.S.A. § 5–311(a) (1998). In choosing between the Bragdons and the Gilberts as guardians, the court was required to consider "the best interests of the incapacitated person." 18–A M.R.S.A. § 5–311(b) (Supp. 2004). The guardian is entitled to make decisions regarding the ward's custody and health care, and is responsible for the ward's comfort and maintenance. 18–A M.R.S.A. § 5–312(a)(1), (2) (1998).

[¶ 9] Where, as here, the court's choice on the appointment of a conservator is between two persons having equal priority—i.e., two adult children of an incapacitated person—"the court is to select the one who is best qualified of those willing to serve." 18–A M.R.S.A. § 5–410(a), (b) (1998 & Supp.2004). A conservator has a duty to act as a fiduciary and observe the standards of care applicable to trustees. 18–A M.R.S.A. § 5–417 (1998).[2]

[¶ 10] The Probate Court did not err in appointing the Gilberts, rather than the Bragdons, as Virginia's guardians and conservators. The court found that the Gilberts were "of a suitable age, experience and discretion to serve as co-guardians and co-conservators for Virginia." This finding is supported by the testimony of several witnesses, including the guardian ad litem, who testified that Virginia is well taken care of by the Gilberts. The Gilberts testified at length as to the care they have provided for Virginia, including steps they have taken to preserve her MaineCare and SSI benefits, and to otherwise meet her medical, personal, and financial needs. The Bragdons, for the most part, testified that they have recently had little or no contact with Virginia. They also testified that they have not yet considered how Virginia's finances could or would affect her eligibility for MaineCare benefits.

[¶ 11] In choosing between the Gilberts and the Bragdons, the Probate Court did not exceed the bounds of its discretion in finding that appointing the Gilberts as guardians would be in Virginia's best interests and, as conservators, they were the "best qualified of those willing to serve." *See* 18–A M.R.S.A. § 5–410(b).

C. Limitation on the Gilberts' Powers

■ [¶ 12] The Bragdons contend that the· court erred by placing no limitations

---

**2.** Title 18–A M.R.S.A. § 5–417 (1998) has since been amended by P.L. 2003, ch. 618, § B–7 (effective July 1, 2005) (codified at 18–A M.R.S.A. § 5–417 (Supp. 2004)).

on the Gilberts' powers as co-guardians and co-conservators. Although the court appointed the Gilberts "to serve without any specific limitation," it did limit their powers by requiring that they afford Virginia "as much contact with [her children and grandchildren] as is possible and consistent with her health and safety."

[¶ 13] The Probate Code provides that "[i]n any case in which a guardian can be appointed by the court, the judge may appoint a limited guardian with fewer than all of the legal powers and duties of a guardian." 18–A M.R.S.A. § 5–105 (1998). Section 5–426 similarly provides that "[t]he court may, at the time of appointment or later, limit the powers of a conservator[.]" 18–A M.R.S.A. § 5–426 (1998). We review the Probate Court's determination of a guardian's or conservator's powers and duties for an abuse of discretion. *In re Florence M. Cyr*, 2005 ME 61, ¶ 16, 873 A.2d 355, 360.

[¶ 14] There was substantial evidence to the effect that Virginia's dementia renders her unable to make even routine decisions and to provide for her most basic needs. In view of this, as well as the fact that the Bragdons, for the most part, testified that they had recently had little or no contact with Virginia, the court did not exceed the bounds of its discretion in placing no limits on the Gilberts' powers as co-guardians and co-conservators other than requiring that they afford Virginia as much contact with her children and grandchildren as possible.

The entry is:

Judgment affirmed.